UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hunberto Fuentes Pedroza, # 89471-198, | C/A No. 6:10-2379-MBS-KFM |
| Plaintiff, | |
| vs. | Report and Recommendation on Plaintiff's Motion for Preliminary Injunction/TRO |
| Edgefield Federal Prison; | |
| Mary Mitchell, *Warden*; | |
| Mr. Acosta, *Assist. Warden*; | |
| Mr.Collie, *Captain*; | |
| Mr. Clark, *Lt.*; | |
| Mr. Holet, *Lt.*; | |
| Mr. Neal, *C Unit Manager*; | |
| Mr. Mahomes, *A Unit Manager*; | |
| Mr. Blotin, *A Counselor*; | |
| Mr. Johnson, *C Counselor*; | |
| Mr. Santiago, *S.I.S.*; | |
| Roper, *Unit Officer*; | |
| Upson, *Unit Officer*; | |
| Flores, *Unit Officer*; | |
| Kate, *Unit Officer*; | |
| Martin, *Unit Officer*; | |
| Green, *Unit Officer*; | |
| Evans, *Unit Officer*; | |
| Jackson, *Unit Manager*, | |
| Defendants. | |

This is a civil action filed by a federal prisoner. Therefore, in the event that a limitations issue arises, the plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial

proceedings in this action have been referred to the undersigned United States Magistrate Judge.

This case concerns a lock-down of "Mexican" inmates at FCI-Edgefield, denials of access to the law library and recreation, and racial discrimination. The above-captioned case is not "in proper form" because the plaintiff failed to submit the needed service documents. Hence, in a contemporaneously-filed order, the undersigned has directed the plaintiff to submit items needed to render this case into "proper form" and to answer Special Interrogatories relating to exhaustion of administrative remedies in the Federal Bureau of Prisons.

The plaintiff has also submitted a motion for preliminary injunction/temporary restraining order (Entry No. 4). The standard for evaluating such motions requires: (1) a likelihood of success on the merits; (2) irreparable harm to the plaintiff if the injunction is not granted; (3) the balance of equities "tips" in the plaintiff's favor; and (4) the injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 172 L.Ed.2d 249, 129 S.Ct. 365 (2008). Moreover, each requirement must be satisfied. *The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010) (*per curiam*).

Prisoners are not entitled to a custody level of their choice. Indeed, the placement of inmates into administrative segregation units or similar units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Given the authorized discretion granted

to prison officials on inmate placement, the plaintiff's likelihood of success on the merits is low.

In any event, since the above-captioned case is not "in proper form" because of the lack of service documents, the defendants cannot be served with any pleadings until the plaintiff submits the needed service documents. If the plaintiff timely submits the needed service documents, the motion for preliminary injunction/TRO can, then, be served upon the defendants when the complaint is served.

It is, therefore, recommended that the District Court deny the plaintiff's motion for preliminary injunction/TRO (Entry No. 4) *without prejudice* because the motion is premature. The plaintiff's attention is directed to the Notice on the next page.

September 20, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).