IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Hunberto Fuentes Pedroza, ) | |
| ) | C.A. No.  0:10-2379-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Edgefield Federal Prison; Mary Mitchell, ) | |
| Warden; Mr. Acosta, Assist. Warden; ) | |
| Mr. Collie, Captain; Mr. Clark, Lt.; ) | |
| Mr. Holet, Lt.; Mr. Neal, C Unit Manager; ) | |
| Mr. Mahomes, A Unit Manager; Mr. Boltin, ) | |
| A Counselor; Mr. Johnson, C Counselor; ) | |
| Mr. Santiago, S.I.S.; Roper, Unit Officer; ) | |
| Upson, Unit Officer; Flores, Unit Officer; ) | |
| Kate, Unit Officer; Martin, Unit Officer; ) | |
| Green, Unit Officer; Evans, Unit Officer; ) | |
| Jackson, Unit Manager, ) | |
| ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Hunberto Fuentes Pedroza ("Pedroza"), a federal prisoner proceeding pro se, alleges that the Defendants violated his constitutional rights and brings this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

of Narcotics, 403 U.S. 388 (1971).  On January 4, 2011, Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Magistrate Judge Gossett recommends dismissing Pedroza's complaint for failure to exhaust administrative remedies.  Pedroza timely filed objections to the magistrate judge's Report on June 14, 2011.

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Pedroza's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  In his objections, Pedroza requests that his complaint be dismissed without prejudice.  (Objections 2, 5, 7.)  Because the court dismisses Pedroza's complaint for failing to exhaust administrative remedies, dismissal is without prejudice to allow him the opportunity to fully exhaust administrative remedies.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Gossett's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 38, is granted and Pedroza's complaint is dismissed without prejudice. It is further

**ORDERED** that Pedroza's motion for release back into population, docket number 37, is denied as moot. It is further

**ORDERED** that Pedroza's motion to appoint counsel, docket number 41, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 16, 2011

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.